UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RICHARD WHITTINGTON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | 1:19-cv-00553-NT |
| v. | ) | |
| | ) | |
| CITY OF BANGOR HALL, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF
PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915**

In this action, Plaintiff alleges that he was injured as the result of the City of Bangor's negligence, which injury occurred while Plaintiff was a passenger on a city bus. Plaintiff seeks to recover money damages for his injury from the City of Bangor.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted. (ECF No. 4.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss Plaintiff's complaint without prejudice.

**STANDARD OF REVIEW**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or

malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## FACTUAL BACKGROUND

According to the complaint, Plaintiff was injured when the city bus driver failed to secure Plaintiff properly in his wheelchair on a city bus on September 23, 2019. (Complaint

2

¶¶ 2, 4, 5, ECF No. 1.) Plaintiff alleges he was injured when the city bus driver stopped the bus suddenly to avoid a vehicle that had "pull[ed] out [in] front of the city bus." (*Id.* ¶ 7.) Plaintiff asserts the city bus driver was negligent and that the bus driver was "prejudice[ed]" against him because of their different political views. (*Id.* ¶¶ 4, 5, 6, 14(D).)

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). A review of Plaintiff's complaint fails to reveal a basis upon which this Court could exercise either federal question jurisdiction or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

### A. Federal question jurisdiction under 28 U.S.C. § 1331

Pursuant to section 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

To the extent Plaintiff attempts to assert a First Amendment claim based on the expression of his political views, the federal civil rights statute provides a cause of action against a person who acts "under color of" state law and deprives another of "any rights,

3

privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. For purposes of section 1983, municipalities qualify as persons against whom a claim may be brought. *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 35 (2010). The doctrine of respondeat superior, however, does not apply to a municipality for alleged civil rights violations; therefore, a municipality is not vicariously liable under section 1983 for the misconduct of its employees. *Id.* A municipality can only be liable for a constitutional deprivation caused by a municipal employee if the municipality is the moving force behind the deprivation. That is, "[p]laintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Here, Plaintiff has not alleged any facts from which one could reasonably conclude that the bus driver's alleged misconduct was the product of a municipal policy. Plaintiff, therefore, has not alleged an actionable claim under 42 U.S.C. § 1983.

In short, Plaintiff has not asserted a claim based on the United States Constitution, a federal statute, or a federal treaty.

**B.     Diversity jurisdiction under 28 U.S.C. § 1332**

Pursuant to section 1332, federal district courts also have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Where diversity jurisdiction is established, a plaintiff may assert state law claims in federal district court. Plaintiff's allegations arguably state a claim of negligence. For Plaintiff's negligence claim to come

within this Court's diversity jurisdiction, Plaintiff and Defendant must have been citizens of different states on the date the complaint was filed. *Aponte–Dávila v. Municipality of Caguas*, 828 F.3d 40, 46 (1st Cir. 2016). In his complaint, Plaintiff included a specific Bangor, Maine, address as his residence. (Complaint at 1, 21.) Given that Plaintiff asserts a claim against the City of Bangor, Plaintiff has failed to assert a claim between citizens of different states. Plaintiff thus has failed to assert a claim within the Court's diversity jurisdiction.

## CONCLUSION

Based on the foregoing analysis, while Plaintiff might have asserted a negligence claim against the City that he could pursue in state court, Plaintiff has not asserted an actionable claim within this Court's jurisdiction. Accordingly, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint without prejudice.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of December, 2019.
5